# PRACTICE REPORTS.

## SUPREME COURT.

THE PEOPLE on the relation of THE CENTRAL BANK OF CHERRY VALLEY agt. THE BOARD OF SUPERVISORS OF THE COUNTY OF OTSEGO.

THE PEOPLE on the relation of THE BANK OF COOPERSTOWN agt. Same defendants.

THE PEOPLE on the relation of THE OTSEGO COUNTY BANK agt. Same defendants.

THE PEOPLE on the relation of THE WORTHINGTON BANK agt. Same defendants.

When claims of assessments for taxes upon United States bonds, stocks, &c., exempt from taxation, are presented to the board of supervisors, under chapter 938 of the laws of 1867 (*p.* 2323), it is the duty of the board to determine whether such taxes have been paid; and if they have been paid, then to determine the amount thereof, and to levy and repay such amount as prescribed by that act.

When the legislature has "authorized and empowered" a board of supervisors to cause taxes *illegally assessed* and paid in their county to be *repaid*, the act is imperative, and it becomes their duty to do so, when truthful claims for such taxes are duly presented to them.

When the board of supervisors omits to-perform its duty when such claims are presented, but determines that the county and the towns against which such claims are made cannot in justice refund such taxes, that the claims are invalid, and that the same be not allowed, such board will be compelled by mandamus to proceed and perform the duty enjoined upon it by the statute.

*Broome General Term, July,* 1868.

BALCOM, BOARDMAN, PARKER *and* MURRAY, *Justices.*

APPEALS by the relators from orders made at a special term of this court, in the county of Oneida, on the 22d day of November, 1867, denying their applications for writs of

peremptory mandamus. The orders were entered in the office of the clerk of Otsego county.

The relators claimed they were illegally assessed in the years 1861, 1862, 1863 and 1864, on their capital stocks, which were invested in bonds or stocks of the United States, and exempted from taxation for state and municipal purposes. They presented their claims, for taxes paid by virtue of such assessments, to the defendants, on the 13th day of November, 1867, and requested them to hear, determine, audit and allow the same, under and pursuant to chapter 938 of the laws of 1867. The total amount of the claims exceeded $30,000.

The defendants were in session as a board of supervisors when the claims were presented. They referred the claims to a committee of their number, who reported that they had examined the said claims, and that in their opinion the county and towns against which the claims were made could not in justice refund the said taxes. The defendants thereupon, on the 19th day of November, 1867, as a board of supervisors, adopted a resolution, in each of the cases, to the effect that the defendants, as such board, had heard and examined the claim for refunding certain taxes, and determined the said claim to be invalid, and that the same be not allowed.

The writs of mandamus were denied and refused on the sole ground that the defendants had heard and determined the matters of the claims adversely to the relators.

J. E. Dewey *and* H. Denio, *for relators.*
Sturges & Countryman, *for defendants.*

*By the court,* Balcom, P. J. The duty of the defendants, under the law of 1867 (*Laws of* 1867, *vol,* 2, *p.* 2323), was to hear the applications of the relators, and determine their claims of assessments for taxes made in the county of Otsego upon United States bonds, stocks or securities, any

or all of them, which by law were or had been exempt from taxation, and to repay to them the amounts collected or paid upon such assessments. It was not the duty of the defendants personally to repay such amounts; but it was their duty to levy the same by tax upon the taxable property of the county, and adjust and apportion the same upon the property of the different towns in the county as should be just, in the manner provided by section 3 of the law referred to. According to the well settled rules for the construction of statutes, the law of 1867 was mandatory and imperative upon the defendants, as a board of supervisors, to determine the amounts of taxes the relators paid by reason of assessments made in the years 1861, 1862, 1863 and 1864, upon United States bonds, stocks or securities, exempted by law from taxation in those years; and to cause such amounts of taxes to be collected and repaid to the relators, in the manner prescribed by the law of 1867. (*Laws of* 1867, *vol.* 2, *p.* 2323.)

The rule above mentioned is so firmly established, it is unnecessary to refer to the authorities where it is laid down. The defendants have not determined that the relators did not pay any such taxes as they claimed they had paid, in the years 1861, 1862, 1863 and 1864, but that the county and the towns against which the claims were made could not in justice refund the taxes; and that, having heard and examined the claims, they determined the same were invalid, and that they be not allowed. It is clear, if the relators paid the taxes they claimed they paid, their claims were not invalid, nor could the defendants legally disallow the same.

The first duty imposed upon the defendants, as a board of supervisors, by the law of 1867. they have refused to perform, which duty was to ascertain and determine whether the relators were assessed, and whether they paid taxes as stated in their claims, and, if they paid any such taxes, the amounts thereof.

The error committed by the defendants was the result of

an erroneous construction of the law of 1867. They supposed it was discretionary with them to cause such taxes as the relators claimed they had paid to be repaid, or to refuse so to do; but the law of 1867 did not vest any such discretion in the defendants.

When the legislature "authorized and empowered" the defendants to cause taxes illegally assessed and paid in their county to be repaid, it became their duty to do so, when truthful claims for such taxes should be duly presented to them. (*People* agt. *The Supervisors of New York,* 11 *Abb.* 114; *People* agt. *Common Council of Brooklyn,* 22 *Barb.* 415; *People* agt. *Haws,* 34 *Id.* 69; *Mayor* agt. *Furze,* 3 *Hill,* 612; 4 *Wallace,* 435; 5 *Id.* 705.)

If the defendants had determined that the relators had paid the taxes, as stated in their claims, the further duty would have remained to be performed by them, of allowing such claims, and levying the amounts thereof by tax upon the taxable property of Otsego county, and causing the same to be repaid to the relators, in the manner prescribed by the law of 1867.

If these views are correct, the judge at special term erred in refusing to grant orders for the writs of mandamus, for which the relators applied; and the orders of the special term should be reversed, and orders granted for peremptory writs of mandamus, requiring and commanding the defendants to hear the claims of the relators and determine whether they paid the taxes, as stated in their claims; and if they paid any such taxes, the amounts thereof; and further, if they paid any such taxes, to audit and allow the amounts thereof, and cause the same to be levied, collected and repaid to the relators, as prescribed by chapter 938 of the laws of 1867.

MURRAY, BOARDMAN and PARKER, Justices, concurred.